IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,846-01






EX PARTE WALTER EDWARD TATE, SR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 4442-A IN THE 31ST JUDICIAL DISTRICT COURT


FROM WHEELER COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to money laundering
and was sentenced to five years' imprisonment. He did not appeal his conviction. 

 Applicant contends, inter alia, that his counsel was ineffective for advising him incorrectly
regarding whether Applicant would be serving his sentence in this case concurrently with a sentence
in Oklahoma. Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). 
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The
trial court shall order Applicant's trial counsel to submit an affidavit responding to Applicant's claim
of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the record with copies of the plea papers in this case,
including any admonishments, stipulations, and plea agreement. The trial court shall also
supplement the record with a transcript of the plea proceedings. The trial court shall make findings
of fact as to whether Applicant's plea in this case was conditioned on his sentence running
concurrently with a sentence from an Oklahoma conviction. If so, the trial court shall make findings
as to how much time Applicant was to serve in Oklahoma, and as to whether Applicant's sentence 
in this case is running concurrently with his Oklahoma sentence. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 15, 2011

Do not publish